**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HITEN A. PATEL,<br><br>            Petitioner,<br><br>v.<br><br>PATRICK A. NOGAN, et al.,<br><br>            Respondents. | Civil Action No. 22-2921 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Respondents' motion to dismiss Petitioner's amended habeas petition. (ECF No. 25.) Petitioner did not file timely opposition to the motion. (ECF Docket Sheet.) For the following reasons, Respondents' motion shall be denied.

### I.    BACKGROUND

On April 2, 2015, Petitioner was sentenced for charges including aggravated sexual assault, threatening violence, impersonating a law enforcement officer, and unlawful possession of an imitation firearm in the Superior Court of New Jersey Law Division for Atlantic County. (ECF No. 8-2 at 9-10.) Petitioner appealed, and the Appellate Division affirmed his conviction and sentence by way of an opinion issued on January 18, 2017. (ECF No. 8-3.) Petitioner sought certification from the New Jersey Supreme Court, which was denied on June 2, 2017. (ECF No. 8-10.)

On February 14, 2018, Petitioner, through counsel, filed a petition for post-conviction relief. (ECF No. 8-11.) That petition was denied on June 5, 2019. (ECF No. 8-4 at 1.) Petitioner appealed, and the Appellate Division affirmed the denial of the first PCR petition in an opinion issued on May 12, 2021. (*Id.*) Petitioner sought certification, which was ultimately denied on December 10, 2021. (ECF No. 8-14.)

While Petitioner's petition for certiorari was pending on appeal from the denial of the First PCR petition, Petitioner filed a second PCR petition on September 9, 2021. (ECF No. 8-12 at 3.) That Petition was dismissed without prejudice both because of several filing deficiencies and as it was premature in light of the pending petition for certification on September 14, 2021. (ECF No. 8-5.) Petitioner refiled his second PCR petition on January 11, 2022. (ECF No. 8-13.) The PCR court denied that petition on May 13, 2022. (ECF No. 8-6.) The same day that the PCR was denied, Petitioner filed a motion seeking a new trial. (ECF No. 8-7.) That motion was denied in an order issued on May 23, 2022. (ECF No. 8-8.) Petitioner did not appeal the denial of the second PCR, but did appeal the denial of the motion for a new trial. (ECF No. 8-9 at 1, 3 n. 1.) Although Petitioner eventually sought to file a petition for certification on April 10, 2024, that was initially found deficient as untimely filed. (ECF No. 8-15.) Certification appears to have eventually been denied on the merits on September 20, 2024. *See State v. Patel*, 258 N.J. 457 (2024).

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v.*

*Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

### III. DISCUSSION

#### A. Respondents' timeliness argument

In their motion to dismiss, Respondents contend that Petitioner's habeas petition must be dismissed as untimely filed. Petitions for a writ of habeas corpus are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court. *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A). In this matter, Petitioner's conviction

3

became final on August 31, 2017, ninety days after the New Jersey Supreme Court denied his petition for certification. Absent a basis for tolling, Petitioner's one year limitations period would have expired one year later August 2018.

Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to statutory tolling while a properly filed PCR petition or collateral attack remains "pending" before the state courts. *Jenkins*, 705 F.3d at 85. A state court PCR petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). While a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and the PCR appeal will not be considered to have resumed its "pending" status after this time expires until the petitioner actually files a notice of appeal. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017). Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division. *See* N.J. Ct. R. 2:12-3.

Here, Petitioner filed his first PCR petition on February 14, 2018.[1] At that time, 167 untolled days of Petitioner's one year limitations period had passed. His petition remained pending

---

[1] The notice of petition for post-conviction relief filed by counsel is dated February 14, 2018. (ECF No. 8-11.) In its decision denying the second PCR, the PCR court refers to it as having been filed on May 14, 2018. (ECF No. 8-6 at 17.) Respondents contend the petition was filed on March 15, 2018, without providing clear documentary support for that assertion. (ECF No. 8 at 4.) Given these discrepancies and the lack of a clear filing date from the record, this Court gives Petitioner the benefit of the date provided by counsel's filing document for the purposes of this decision, and assumes counsel filed the petition on the date it was signed and dated by counsel. Even were the

4

until certification was denied on December 10, 2021, Petitioner filed his habeas petition on this matter May 10, 2022, 151 days later. (ECF No. 1.) Petitioner's habeas petition was thus filed after a maximum of 318 untolled days had passed, even if this Court were to assume, as Respondents argue, that Petitioner's second PCR petition was untimely filed. As less than a year of untolled time passed between Petitioner's conviction becoming final and his filing of his habeas petition in this matter, Petitioner's petition is clearly timely and Respondents' arguments regarding the timeliness of the second PCR petition are mistaken and are denied as such.

### B. Respondents' Exhaustion Argument

Respondents next contend that Petitioner's habeas petition contains unexhausted claims and must be dismissed. A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Because the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels

---

Court to use the date suggested by Respondents, it would not alter the timeliness of Petitioner's habeas motion.

5

of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).

Respondents first argue that Petitioner's ground one, his *Brady* claim which was raised in his motion for a new trial filed in May 2022, is unexhausted. That claim was raised in the state PCR court, its denial was affirmed by the Appellate Division,[2] and it appears certification was ultimately denied by the New Jersey Supreme Court based on the available record. Petitioner's *Brady* claim thus appears to have been presented to all three levels of the New Jersey courts, and thus appears to be fully exhausted.

Respondents next argue that several of Petitioner's claims are unexhausted because the version presented in Petitioner's habeas petition materially differs from what was presented to the state courts. Specifically, Respondents argue that Petitioner in ground two attacks the jury instructions on Due Process grounds whereas the claim was raised in Petitioner's PCR as a claim of ineffective assistance of counsel, Petitioner seeks to challenge his custodial interrogation as a *Miranda* claim although he again raised it in the PCR as an ineffective assistance claim, that Petitioner challenges identification procedures on Due Process grounds while he raised only an ineffective assistance claim in his PCR petition, and that Petitioner never raised his ground eight, that counsel was ineffective for failing to put the state's case to the test, in any of his PCR appeals.

---

[2] Respondents argue that the Appellate Division found this argument improperly raised based on a footnote in the opinion. Respondents, however, entirely misread the footnote. The Appellate Division noted only that Petitioner did not raise a challenge to the denial of his second PCR on appeal and only sought to appeal the new trial motion, not that he did not seek to appeal the new trial *Brady* claim. Thus, Respondents are entirely mistaken regarding which claims were or were not properly presented during the appeal following the second PCR and the new trial motion's denial.

To be considered exhausted, a claim must have been fairly presented to the state courts for a decision on the merits in a form which would place the state courts on notice of the federal claim being asserted. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). This requires the petitioner to present his arguments in state court in such a form that the state courts have a "fair opportunity" to consider the petitioner's federal claims on the merits, though the petitioner need not expressly identify the relevant federal constitutional principles underlying his claim so long as his assertions are sufficient to highlight the issue for the state courts. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *McCandless*, 172 F.3d at 261. A petitioner cannot substantially alter his claims in his habeas petition and treat them as exhausted – the claim presented to the state courts must be the "substantial equivalent" of the one presented in the habeas petition. *See Picard*, 404 U.S. at 276, *McCandless* 172 F.3d at 261. As the presentation of an ineffective assistance of counsel claim is constitutionally distinct from any underlying Due Process or similar violation counsel may have failed to address, that a petitioner raised an ineffective assistance claim is insufficient to fairly present, and in turn exhaust, any underlying Due Process or similar violation. *See Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 479 n. 6 (3d Cir. 2017) (that a petitioner raises ineffective assistance claims does not serve to exhaust "every claim counsel is allegedly deficient for failing to raise"), *cert. denied sub nom., Matthais v. Brittain*, 138 S. Ct. 1701 (2018); *Gattis v. Snyder*, 278 F.3d 222, 237 n. 6 (3d Cir. 2002); *Willis v. Vaughn*, 48 F. App'x 402, 406 (3d Cir. 2002) (petitioner who raises only ineffective assistance in state courts does not exhaust underlying due process violations as they are distinct forms of federal claim).

Here, Respondents argue Petitioner did not raise the issues of the suggestiveness of identification, the propriety of his custodial interrogation, and jury instructions, but only ineffective assistance of counsel claims related to these issues. The record, however, indicates that while Petitioner only raised ineffective assistance claims on PCR appeal, on direct appeal he

7

directly raised points related to all of these issues, and the Court has not been presented with any evidence that these issues were not in turn raised in a petition for certification. (*See* ECF No. 8-3 at 5-6.) Thus, those claims appear to have been exhausted on direct appeal, and thus need not have been exhausted a second time during PCR proceedings. Consequently, those arguments serve as no basis to dismiss Petitioner's habeas petition at this time.

In their final argument, Respondents argue that Petitioner never fairly presented his claim that counsel was ineffective in failing to put the state's case to the test through an adequate defense strategy to the state PCR courts. Although Respondents are correct that this claim does not appear as a raised claim in either of the Appellate Division PCR opinions, at least not in the exact wording Petitioner now uses, Respondents have not provided the Court with any copies of the briefs presented by Petitioner during his PCR appeal, one of which Petitioner explicitly references in his habeas petition as indicating that he raised some form of this claim to the highest state court. Indeed, this Court does not have any explicit evidence before it as to what claims were raised in Petitioner's petitions for certification. It is thus entirely unclear whether this claim was ever actually presented in Petitioner's PCR appeal, if it is simply a rewording or combined version of the claims presented during the PCR appeal, or whether it is in fact a new, unexhausted claim of ineffective assistance of counsel. In the absence of copies of the briefs which might permit this Court to determine what was, and wasn't, raised during the PCR appeals, and in the face of Petitioner's assertion that it was raised in his PCR appeal briefs, this Court cannot find that this claim is unexhausted at this time. However, Respondents are free to reraise the exhaustion issue as to this claim in filing their full answer to the extent they can provide copies of Petitioner's briefs to show that the claim was never raised in PCR appeals. Because Respondents have not shown that Petitioner's claims are unexhausted, their motion to dismiss must be denied at this time.

## IV.  CONCLUSION

For the reasons expressed above, Respondents motion to dismiss (ECF No. 25) is **DENIED**. An appropriate order follows.

                                                 Hon. Karen M. Williams,
                                                 United States District Judge